830 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Allen BURTON, Plaintiff-Appellant,
v.
STATE of OHIO ADULT PAROLE AUTHORITY, Defendant-Appellee.
 No. 87-3132
 United States Court of Appeals, Sixth Circuit.
 September 30, 1987.
 
 ORDER
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 
 1
 This pro se plaintiff seeks review of a judgment in favor of defendant in an employment discrimination action brought pursuant to 42 U.S.C. Sec. 2000e, et seq. Upon review of the record and the briefs submitted by the parties, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In 1980, plaintiff filed a complaint pursuant to 42 U.S.C. Sec. 2000e, et seq. in the district court in which he alleged that defendant had engaged in racial discrimination in failing to grant his request for a promotion. After a four-day bench trial, the district court entered judgment in plaintiff's favor based upon the conclusion that defendant had failed to adduce any evidence indicative of a legitimate, nondiscriminatory motive for its decision in regard to plaintiff. On appeal, however, this court disagreed with that determination and remanded the case to allow the district court an opportunity to consider whether defendant's explanation of its decision not to promote plaintiff was merely a pretext and that it had in fact engaged in discrimination. See Burton v. State of Ohio, Adult Parole Authority, 798 F.2d 164 (1986). Subsequently, in addressing that issue, the district court found against plaintiff and therefore entered judgment in favor of defendant. This appeal ensued.
 
 
 3
 Review of the district court's oral findings of fact and conclusions of law indicates that it based its judgment in favor of defendant upon the determination that its explanation of its failure to promote plaintiff was not a mere pretext asserted to excuse an act of intentional discrimination. Such a determination by a judge sitting without a jury is generally regarded as a finding of fact which on appeal is subject to the clearly erroneous standard contained in Rule 52(a), Federal Rules of Civil Procedure. United States Postal Service Board of Governors v. Aikens, 460 U.S. 712, 716 (1983). Accordingly, the district court's finding on the question of pretext may be disturbed on appeal only if, upon review of the record, this court either can conclude that it is against the clear weight of the evidence or is left with the definite and firm conviction that a mistake has been committed. West v. Fred Wright Construction Co., 756 F.2d 31 (6th Cir. 1987). Examination of the record, however, discloses the presence of ample evidence to support the district court's findings as to pretext. Accordingly, the district court did not err in making such a finding.
 
 
 4
 Accordingly, it is ORDERED that the district court's final judgment entered February 3, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.