**Gail GRAUER, Plaintiff,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant.**

**No. 92–2914 HBre.**

United States District Court, W.D. Tennessee, Western Division.

Aug. 11, 1994.

Everett B. Gibson, Everett B. Gibson Law Firm, Memphis, TN, for plaintiff.

James R. Mulroy, II, Federal Exp. Corp., Memphis, TN, Martin K. LaPointe, Adler Kaplan & Begy, Chicago, IL, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CLOSING CASE

HORTON, District Judge.

Plaintiff, Mrs. Gail Grauer, presently holds a high profile management position with the defendant corporation, Federal Express. Mrs. Grauer applied for a position in senior management for which she believed she was qualified. When Federal Express promoted a male employee, she filed the above-styled action claiming gender discrimination pursuant to Title VII. In sum, Mrs. Grauer contends that Federal Express denies women equal employment opportunity within its higher management structure.

According to Mrs. Grauer, Federal Express' promotional testing and interview process gives rise to her disparate treatment and impact claim in that the process "excludes a disproportionately high number of women" in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Mrs. Grauer also asserts that the denial to promote, in her case, resulted from intentional gender discrimination in violation of Title VII. After Mrs. Grauer registered her complaint through an internal EEO process and the Equal Employment Opportunity Commission, Mrs. Grauer alleges that Federal Express retaliated.

Federal Express, however, denies that Mrs. Grauer was denied the promotion because of her sex. It contends that a panel of management personnel, including a female member, interviewed four applicants for the position. After completion of the interviews, plaintiff was ranked third by all members of the panel.

Consequently, Federal Express claims that Mrs. Grauer was denied the promotion because she was not the most qualified person for the senior management position. The corporation also contends that Mrs. Grauer failed to put forth any evidence to support her claim of retaliation. As a result, Federal Express filed a motion for summary judgment contending that there is no genuine issue of material fact for trial, and it is entitled to judgment as a matter of law.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> [T]hat a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

After reading the entire record and applying the applicable law, the Court concludes that defendant should be granted its motion for summary judgment. As plaintiff failed to state a claim upon which relief can be granted, there is no genuine issue of material fact for trial in this case.

*Standard for Summary Judgment*

The standards governing motions for summary judgment have been well-established. In applying the standards of summary judgment, the Court is aware that an order is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). As Federal Express is the movant, it bears the initial burden of showing the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552–53. Once the corporation makes the requisite showing, the burden shifts to Mrs. Grauer to present some "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

Discrepancies regarding the authenticity of a material fact are within the scope of Rule 56 of the Federal Rules of Civil Procedure only if "the evidence is such that a reasonable jury could return a verdict for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). While "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient," the "court is to construe the evidence and all inferences to be drawn from it in the light most favorable to the nonmoving party." *Id.* at 252, 255, 106 S.Ct. at 2512, 2513–14. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 252, 106 S.Ct. at 2512. If the Court finds, after reviewing the evidence presented, that there is no genuine issue of material fact, the moving party is entitled to summary judgment as a matter of law. Fed. R.Civ.P. 56(c).

*Disparate Impact and Treatment*

■ Regarding the first claim, at page 318 of her deposition, Mrs. Grauer argues that the ratio test used by Federal Express has a disparate impact on women.

■ In establishing that particular claim, the Supreme Court requires the plaintiff to make a two step showing. First, plaintiff must identify the particular facially neutral employment practice being challenged. *Watson v. Ft. Worth Bank & Trust,* 487 U.S. 977, 994–95, 108 S.Ct. 2777, 2788–89, 101 L.Ed.2d 827 (1988). Second, she must show that this practice adversely affected women by pre-

senting "statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants ... because of their membership in a protected group." *Id.*

As Mrs. Grauer focuses upon the ratio portion of the employment test, this Court infers that it is the particular employment practice being challenged. After reviewing the deposition, however, the Court concludes Mrs. Grauer is unable to meet the second element of the *Watson* requirements. When asked if there was anything about the test that inherently discriminated against women, Mrs. Grauer stated:

> only the fact that a majority of women in the credit and collection area are not familiar with financial analysis. And to use it in a selection process is wrong because it had nothing to do with what the job responsibilities are going to be when they get there. (Dep. p. 370).

Asked if she had contacted any statistician or any sociologist or any expert at all that would help support her claim that ratio tests have the tendency to exclude women from management positions, Mrs. Grauer said that she had not done so.

Apparently, Mrs. Grauer brought the ratio test into the lawsuit as her contention that the test has nothing to do with the responsibilities of this particular position. (Dep. p. 321). Thomas L. McNeal, one of the three panelist charged with selecting the Senior Manager of Credit and Cash Operation, disagreed with Mrs. Grauer's assessment.

Mr. McNeal stated that in a credit department it is imperative that one be able to analyze a financial statement. The ratios help the analyst determine whether a debtor can reasonably be expected to pay. This, he stated, is something a senior manager needs to know. He said Mrs. Grauer did not answer any of the ratio questions on the test. (Dep. pp. 20–21).

Although Mrs. Grauer claimed the ratio test was not a prerequisite for the position she sought, she admitted ratio analysis was a function of the department. Mrs. Grauer was asked to explain the ratio test, she stated:

They gave a history of a particular customer. They gave his balance sheet and his financial statement and, then, you were to decide whether or not you are going to issue that particular customer credit and how much credit. (Dep. p. 114).

Michael Crain stated the ratio test is nothing more than an exercise on a test that is viewed on a pass/fail basis. (Dep. p. 26).

Despite the requirements of *Watson,* Mrs. Grauer failed to show any evidence, statistical or otherwise, which shows women are adversely affected by the ratio test. Mrs. Grauer's reasoning, however, does not establish a *prima facie* case of disparate impact. Consequently, the claim must be dismissed as no evidence exists showing an adverse impact which results in exclusion due to an applicant's gender.

*Intentional Discrimination*

■ Mrs. Grauer's second claim alleges that she was intentionally denied the promotion because of her sex in violation of Title VII.

In reviewing this claim, the Court is guided by the Supreme Court. In *McDonnell Douglas v. Green,* the Supreme Court placed the initial burden of establishing a *prima facie* case of discrimination in a Title VII case upon the plaintiff. 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Depending upon the factual scenario, various appellate courts have revised the four step analysis promulgated in *McDonnell Douglas.* The Sixth Circuit adopted the standard of the D.C. Circuit Court of Appeals in requiring a plaintiff in a promotion to case to establish:

(1) That she belongs to a protected group;

(2) That she was qualified for and applied for a promotion;

(3) That she was considered for and denied the promotion; and,

(4) That other employees of similar qualifications who were not members of the protected group were indeed promoted at the time the plaintiff's request for promotion was denied. *Brown v. State of Tennessee,* 693 F.2d 600, 603 (6th Cir.1982) (quoting *Bundy v. Jackson,* 641 F.2d 934, 951 (D.C.Cir.1981).

If Mrs. Grauer establishes the aforementioned elements, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. If Federal Express is able to set forth a "legitimate, nondiscriminatory reason for [her] rejection," the burden shifts once more. *Id.* At that time, Mrs. Grauer "must then have an opportunity to prove by the preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* at 804, 93 S.Ct. at 1825.

It is clear to this Court that the first three elements of a *prima facie* case have been met. Mrs. Grauer is a member of the protected class, she was qualified for the promotion and in spite of her qualification, she was not promoted. The remaining issue is whether her qualifications were similar to the male who received the promotion.

Mrs. Grauer claims that she was just as qualified as the promoted individual, Mr. Frechette. However, the corporation claims, and this Court concurs, that Mrs. Grauer was not similarly qualified. The evidence submitted clearly establishes that Mr. Frechette was more qualified for the position in question.

Mrs. Grauer concedes that Mr. Frechette scored higher in the interview process. He also had more experience in management than Mrs. Grauer. And finally, Mr. Frechette possessed a college degree, whereas Mrs. Grauer had just begun her college education. Mrs. Grauer "believes" she has been the subject of discrimination because she was more of a "people manager," and thus, more qualified for the job. The affidavits she submitted also boil down to this same assertion.

The Sixth Circuit, however, maintains that no issue of fact is created by this kind of subjective belief. *LaGrant v. Gulf & Western Mfg. Co.,* 748 F.2d 1087, 1090–91 (6th Cir.1984). Furthermore, the subjective belief is in essence a mere disagreement with the corporation's business judgment, and does not create an issue of fact. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1160–62 (6th Cir.1990). According to *Chappell v. GTE Products Corp.:*

> There are three ways in which a plaintiff can establish that defendant's reasons ... were not credible: (1) by showing the reasons had no basis in fact; (2) if they have a basis in fact, by showing that they were not the actual factors motivating the discharge, or (3) if they were factors, by showing that they were jointly insufficient to motivate the discharge. 803 F.2d 261, 262 (6th Cir.1986).

Mrs. Grauer has been unable to establish any of the three ways.

A "nonmoving party is not entitled to a trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir. 1986). Rule 56(e) of the Federal Rules of Civil Procedure also requires the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). As Mrs. Grauer failed to produce any evidence that Federal Express intentionally discriminated against Mrs. Grauer due to her gender, this claim is also **DISMISSED.**

*Retaliation*

Mrs. Grauer's last claim of retaliation is equally without merit as she failed to meet her burden of evidence. According to the Sixth Circuit Court of Appeals, Mrs. Grauer has the burden of showing that: (1) she engaged in activity protected by Title VII; (2) the Defendant was aware of the exercise of her civil rights; (3) the Defendant subsequently took employment action against the Plaintiff which was adverse; and, (4) a significant factor in the adverse action taken against her was the Plaintiff's assertion of her civil rights. *Christopher v. Stouder Memorial Hosp.,* 936 F.2d 870, 877 (6th Cir. 1991). The record, however, contains no evidence showing Federal Express undertook any adverse action.

Even if adverse action could be inferred, Mrs. Grauer failed to show that the assertion of her civil rights was a significant factor in the action. As the significant factor requires more than a showing of a causal link, Mrs. Grauer's mere speculation is insufficient.

*Polk v. Yellow Freight System, Inc.,* 801 F.2d 190, 199 (6th Cir.1986); *Chappell v. GTE Products Corp.* 803 F.2d 261, 267 (6th Cir. 1986). Accordingly, the claim of retaliation is also **DISMISSED.**

*Conclusion*

With regard to the three claims presented, Mrs. Grauer failed to present sufficient evidence showing that Federal Express' actions violated Title VII. In addition, the complaint does not state a claim upon which relief can be granted. As there is no genuine issue of material fact for trial and Federal Express is entitled to judgment as a matter of law, the motion for summary judgment is hereby **GRANTED** and this case is **CLOSED.**

**IT IS SO ORDERED.**