66 F.3d 327
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth WILSON, Plaintiff-Appellant,
v.
SKY CHEFS, INC., Defendant-Appellee.
 No. 94-5270.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1995.
 
 Before: BOGGS and BATCHELDER, Circuit Judges; and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 In this retaliatory discharge/race discrimination case, the plaintiff appeals from the district court's orders granting summary judgment for the defendant employer and denying plaintiff's motion to alter or amend the judgment and his "motion for reconsideration." We affirm.
 
 I.
 
 2
 The plaintiff, Kenneth Wilson, was employed for five years as a food equipment handler for the defendant, Sky Chefs, Inc., which provides catering services to airlines. Wilson drove the catering trucks out to the planes, then loaded and unloaded the carts used during in-flight food and beverage service. Wilson's work record was abysmal, and on June 19, 1991, he incurred his sixth work-related injury requiring a visit to a doctor. Wilson reported to a supervisor, nurse and doctor that this injury was the result of his habitually kicking the catering cart doors closed over a period of years. On June 19 and 21, Wilson was seen by two doctors, both of whom cleared him to return to regular duty with no restrictions.
 
 
 3
 Because of his deplorable work record, which included repeated injuries, many of which he had caused himself, warnings, disciplinary notices and suspensions without pay for safety violations, and excessive absenteeism, Wilson was suspended pending an investigation and hearing, after which he was terminated. The June 28, 1991, written notice of termination cited as the reason for his discharge Wilson's repeated failure to work safely, to observe safety rules and to report unsafe conditions. Following his termination, Wilson's union filed a grievance on his behalf, which went to arbitration. The arbitration board questioned Wilson's credibility and found that his discharge for infractions of the safety rules was justified. Wilson, who is black, also filed a charge with the EEOC alleging race discrimination. The EEOC considered evidence of Wilson's repeated safety and other violations of work rules, as well as evidence of alleged discrimination on the part of Sky Chefs, and determined that there was no evidence Wilson was disciplined because of his race.
 
 
 4
 Eleven months after his termination, Wilson filed a state court action claiming that he had been discharged in retaliation for his seeking worker's compensation benefits. On November 30, 1992, following dismissal of his EEOC charge, Wilson filed suit in the district court, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e. His state retaliatory discharge action was removed to the district court on diversity jurisdiction, and the two cases were consolidated. Sky Chefs moved for summary judgment. The plaintiff was granted seven extensions of time to complete discovery and to respond to the defendant's motion for summary judgment. On December 22, 1993, the district court granted summary judgment against Wilson, finding that he had failed to establish a prima facie case of either retaliatory discharge or racial discrimination. To the contrary, the district court found abundant evidence of legitimate reasons for Wilson's discharge and no evidence of illegitimate reasons, and specifically found that Wilson's poor safety record was a legitimate reason for his termination.
 
 
 5
 On January 7, 1994, Wilson filed a motion to alter the judgment by setting it aside, which was denied on January 12, 1994. On January 13, 1994, Wilson filed a supplemental memorandum in support of his motion to alter judgment, including a copy of a memorandum dated March 8, 1988, purportedly from James J. Duncan ("the Duncan memo"), and Wilson's affidavit explaining the significance of the Duncan memo.[1] On January 19, Wilson filed a "motion to reconsider judgment"[2] and memorandum in support, arguing that Sky Chefs had unfairly prejudiced his ability to respond to its motion for summary judgment because it had failed to comply with reasonable discovery requests. On February 3, 1994, the district court denied Wilson's motion to reconsider and this timely appeal followed.
 
 II. Standard of Review
 
 6
 The denial of motions to alter or amend a judgment under Fed.R.Civ.P. 59(e) and motions for relief from judgment under Fed.R.Civ.P. 60(b) are generally reviewed under an abuse of discretion standard. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). However, when the Rule 59(e) motion seeks reconsideration of a grant of summary judgment, we review the denial de novo. Columbia Gas Transmission Corp. v. Limited Corp., 951 F.2d 110, 112 (6th Cir.1991). We review a grant of summary judgment de novo, drawing all inferences in favor of the non-movant. Fed.R.Civ.P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). For a plaintiff in a civil case to avoid summary judgment against him, the evidence must be sufficient to permit a reasonable jury to find for the plaintiff; a mere scintilla of evidence is not enough. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 III. The Racial Discrimination Claim
 
 7
 To withstand summary judgment on this claim, Wilson must present sufficient evidence to establish a prima facie case that he was terminated from his position because of his race, i.e., that (1) he belonged to a racial minority; (2) he was qualified for his position; (3) he was discharged; and (4) after he was discharged, he was replaced with or the employer sought to replace him with a similarly qualified person, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), who was not a member of the plaintiff's protected group. See Shah v. General Electric Co., 816 F.2d 264, 267-68 (6th Cir.1987); Burton v. State of Ohio, 798 F.2d 164, 165 (6th Cir.1986). Alternatively, he must present "credible, direct evidence of discriminatory intent." Mitchell v. Toledo Hosp., 964 F.2d 577, 582 n. 4 (6th Cir.1992).
 
 
 8
 In this case, the fact that a white person filled the position vacated by Wilson's termination does not support Wilson's theory of discrimination, because Sky Chefs has demonstrated that the vacancy was filled, pursuant to the seniority provisions of the collective bargaining agreement, by the most senior person in the same job category as the discharged plaintiff. Wilson has failed to meet his prima facie burden because he has presented neither direct evidence of discrimination nor evidence that he was qualified for the position from which he was discharged. Thus, summary judgment was properly granted against Wilson on this claim.
 
 IV. The Retaliatory Discharge Claim
 
 9
 In order to establish a prima facie case of retaliatory discharge, the plaintiff must present evidence that: (1) he was employed by the defendant; (2) he sought workers' compensation benefits; (3) the defendant discharged him; and (4) the request for workers' compensation benefits was a substantial motivating factor in the defendant's decision to terminate his employment. Anderson v. Standard Register Co., 857 S.W.2d 555, 558 (Tenn.1993). Wilson unquestionably was employed and discharged by Sky Chefs. The parties dispute whether Wilson has presented evidence to raise a genuine issue as to the second and fourth elements of his claim. Under Tennessee law, the plaintiff has the burden of showing the causal link between his discharge and his assertion of a workers' compensation claim by direct evidence or by compelling circumstantial evidence. Anderson, 857 S.W.2d at 558-59; Thomason v. Better-Bilt Aluminum Prods., Inc., 831 S.W.2d 291, 293 (Tenn.Ct.App.1992). Assuming that Wilson's seeking medical attention for his last claimed injury constituted a claim for benefits, and regardless of whether Sky Chefs could have been found to have pre-termination knowledge that Wilson filed or intended to file for further benefits, summary judgment was correctly granted on this claim because Wilson wholly failed to provide any evidence that his claiming benefits was a substantial factor in his termination. No reasonable jury could possibly find on this record that retaliation was Sky Chef's motivation in discharging Wilson when there were so many legitimate reasons for his termination.
 
 V. The Post-Judgment Motions
 
 10
 Finally, we find no error in the district court's refusal to alter the summary judgment, or in the court's refusal to reconsider in light of the Duncan memo submitted by Wilson with the motion to reconsider. Wilson argues that he was unfairly prejudiced in his ability to respond to Sky Chefs' motion for summary judgment because Sky Chefs failed to produce the Duncan memo in response to his reasonable discovery requests. This argument is without merit. The memo is not properly authenticated, there is no evidence in the record that the policy the memo purports to set forth was ever implemented at Sky Chefs, much less was in effect when Wilson was discharged, and it is clear from the record that management retained exclusive rights under the collective bargaining agreement to set work rules, policies and procedures. There is a plethora of evidence in the record that Sky Chefs had established such rules and had repeatedly warned and counseled Wilson about his work habits, but that Wilson had repeatedly ignored the warnings and failed to perform his duties in the manner directed by his employer. The district court correctly concluded that the Duncan memo was no more than a scintilla of evidence which would have been insufficient to permit a reasonable jury to find for Wilson. Thus, even considering the proffered memo, it was not an abuse of discretion for the district court to deny Wilson's post-judgment motions.
 
 VI.
 
 11
 For these reasons, the district court's grant of summary judgment in favor of the defendant is AFFIRMED.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 According to Wilson, Duncan was the General Manager of Sky Chefs when the memo was written. The memo is not on Sky Chefs letterhead, nor is Sky Chefs mentioned by name anywhere in the memo. The memo is from the "General Manager" to "All Management" and announces establishment of a rolling 90-day suspension period to permit employees with poor safety records to "correct [their] unsafe attitude[s] and remove problems from the record by continuing to work safely."
 
 
 [2]
 The Rules do not provide for a "motion to reconsider." Such motions are typically treated as Rule 59(e) motions to alter or amend, or as Rule 60(b) motions for relief from judgment. Because it was made more than ten days after judgment, the January 19 motion was untimely as a Rule 59(e) motion; however, it may be considered as a timely Rule 60(b) motion