73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gail H. GRAUER, Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORPORATION, Defendant-Appellee.
 No. 94-6225.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1996.
 
 Before: MERRITT, Chief Judge; GUY and BATCHELDER, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff, Gail H. Grauer, brought this action against Federal Express Corporation (Federal Express), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. Sec. 2000e et seq. In particular, Grauer claims that based on her gender Federal Express failed to promote her to the position of senior manager of Credit and Cash Operations. She also claims her employer retaliated against her for alleging discrimination. The district court granted the employer summary judgment on all claims. Our review of the record convinces us the district court judgment should be affirmed.
 
 I.
 
 2
 Gail Grauer began working at Federal Express in Memphis, Tennessee, in 1979. She was hired as a treasury agent processing freight charges in the Receivables Control Department. In January 1983, she became an account representative in the Revenue Recovery Department and reported to its manager, Cameron Frechette. In August 1984, she transferred to the U.S. Credit and Collections Division (the Division) to become an associate account representative. When her supervisor was transferred, she served for six months as acting manager for the Central Region Collections. In December 1985, Grauer became a senior account representative. Her title was changed to senior credit analyst in January 1987.
 
 
 3
 Grauer was promoted in September 1988 to the position of manager of Credit Operations. In that position, she has developed an expertise in fraud and works extensively with officials throughout the company. In addition, she represents Federal Express in many outside seminars, meetings, and other activities addressing this issue.
 
 
 4
 Grauer had worked in her management position for two years when, in October 1990, the job of senior manager of the Division became available. Grauer and three male applicants, including her former manager, Cameron Frechette, applied. The candidates were interviewed by a panel of three members of management, including a personnel representative. Each candidate was asked the same series of questions and was required to give a five-minute oral presentation.
 
 
 5
 As a result of the interview process, Cameron Frechette was selected. Grauer was ranked third overall among the candidates. None of the panelists rated Grauer as best qualified.
 
 
 6
 In a follow-up session, management met with Grauer to explain why she had not been chosen. Plaintiff was told that Frechette had scored higher in the interview and tests administered as a part of the application process and had better people skills. In contrast, Grauer had failed to complete the test given and had provided insufficient answers in her interview. Specifically, she had failed to detail the steps to be taken for termination of an employee as outlined in the company's policy and procedure manual; she did not complete the test's ratio exercise, a test to determine credit-worthiness, even though she had completed this exercise in applying for her current position; and third, she did not complete the budget question. In addition, the panelists criticized her oral presentation, in which she had relied on note cards. The record further showed that between the two candidates, Frechette had greater management experience, having served as a manager for eight years as opposed to Grauer's two. In addition, he had supervised more employees than she did, and had a college degree, while Grauer had only completed high school. Indeed, the only factor in Grauer's favor in comparing the two candidates was Grauer's direct experience in the Division.
 
 
 7
 In response to having been denied the promotion, Grauer filed discrimination charges. Following exhaustion of administrative remedies, she brought this action in federal court. The district court, on a motion for summary judgment by Federal Express, found for defendant and dismissed the action. In reaching its decision, the court found that Grauer had failed to establish a prima facia case of promotion discrimination. In particular, she failed to show that the promotion was given to one of "similar qualifications." The court also rejected her retaliation claim.
 
 II.
 
 8
 We review de novo a district court's grant of summary judgment. McKee v. Cutter Labs, Inc., 866 F.2d 219, 220 (6th Cir.1989). Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Furthermore, an adverse party may not rest upon the mere allegations of its pleading, but must respond by setting forth specific facts showing that there is a genuine issue for trial. A fact is "material" when it is capable of affecting the outcome of the suit under governing law; a dispute about "material fact" is "genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We thus consider whether Grauer has met this burden in opposing defendant's motion for summary judgment.
 
 
 9
 A. Plaintiff's Promotion Discrimination Claim
 
 
 10
 In establishing a claim of intentional discrimination, plaintiff has the initial burden of establishing a prima facie case. Under that burden, plaintiff must establish facts by a preponderance of the evidence that if not explained, prove or give rise to an inference of unlawful discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 11
 In establishing a prima facie case of promotion discrimination under Title VII, a plaintiff must show that (1) the employee belongs to a protected group; (2) the employee applied and was qualified for a desired position for which the employer was seeking applicants; (3) despite the employee's qualifications, he was rejected; and (4) the position was filled by a person of comparable (or lesser) qualifications. See id.; Burton v. Ohio, 798 F.2d 164, 165 (6th Cir.1986).
 
 
 12
 In this case, there is no dispute that Grauer satisfies the first three requirements of this test. The district court found, however, and we agree, that she failed to show the position was filled by a person of comparable qualifications. Under the standards for summary judgment, to avoid an adverse ruling, Grauer must provide concrete facts to show that Frechette had similar qualifications. Cf. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 n. 6 (1981) (prima facie case shown when qualified female was passed over for promotion in favor of a male who had been under her supervision). The record plainly shows, however, that Frechette's qualifications were superior.
 
 
 13
 Plaintiff insists nevertheless that the criteria applied in selecting Frechette are invalid. Under Title VII, when an employer has instituted an employment test or qualification with an exclusionary effect on applicants of a protected status, such requirements must be job related for the position in question and consistent with business necessity. 42 U.S.C. Sec. 2000e-2(k). Grauer has not made any showing, however, that the criteria had an exclusionary effect on women. While she did include a disparate impact claim in her complaint challenging Federal Express's selection processes for the senior manager position, she did not appeal the district court's grant of summary judgment in favor of the employer on that claim.
 
 
 14
 None of the "evidence" provided by Grauer in opposing Federal Express's summary judgment motion refutes the superiority of Frechette's qualifications. At most, plaintiff submitted her affidavit and the deposition testimony or affidavits of five current and former non-managerial employees of Federal Express who think she is more qualified than Frechette. Plaintiff's subjective view of her qualifications, without more, cannot sustain a claim of discrimination. Johnson v. United States Dep't of Health and Human Servs., 30 F.3d 45, 47-48 (6th Cir.1994). Similarly, Grauer's other witnesses lacked personal knowledge as to the qualifications of both candidates and none of them were involved in the decision-making that selected Frechette over Grauer. Therefore, their views are irrelevant.
 
 B. Plaintiff's Retaliation Claim
 
 15
 Title VII prohibits an employer from retaliating against an employee because that employee has alleged discrimination. 42 U.S.C. Sec. 2000e-3(a). To prove a retaliation claim, a plaintiff must show that (1) the employee engaged in protected activity; (2) the employee was the subject of adverse employment action; and (3) there is a causal link between the employee's protected activity and the adverse employment action. E.g., 30 F.3d at 47. The parties dispute Grauer's showings as to the second and third prongs of this test.
 
 
 16
 In alleging adverse action, Grauer appears to have recorded any disruptive instance in the day-to-day operations of her management unit or her performance of her duties. Weeding through this, we note that Grauer alleges that she has had difficulty obtaining staffing and equipment as compared to other units. Even assuming these alleged acts constitute adverse action, Grauer has failed to show any causal link between these difficulties and her discrimination claim. The record also shows that Federal Express had been affected by the general economic downturn during the period in question and despite this still doubled the size of Grauer's staff.
 
 
 17
 AFFIRMED.