**Stanley JOHNSON, Plaintiff,**

v.

**BOX USA GROUP, INC., Defendant.**

**CIVIL ACTION NO. 3:01CV–368–H.**

United States District Court,
W.D. Kentucky,
At Louisville.

June 14, 2002.

---

Everett Gibson, Memphis, TN, for Plaintiff.

James R. Mulroy, II, Federal Express Corporation, Memphis, TN, Martin K. LaPointe, Kaplan & Begy, Chicago, IL, for Defendant.

## MEMORANDUM OPINION

HEYBURN, Chief Judge.

Defendant Box USA Group, Inc. ("Box USA"), has moved for summary judgment

on Plaintiff's claims of employment discrimination. Plaintiff, who is African–American, alleges that Defendant has discriminated on the basis of race in failing to promote him to a supervisory position, and that Defendant has subjected him to a work environment hostile to African–Americans. In evaluating this motion, the Court will view the factual record in the light most favorable to the nonmovant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## I.

Stanley Johnson began working as a corrugator operator for St. Joe Container, Box USA's predecessor, in 1978. Between 1994 and 2001, supervisory positions in the corrugation department became open at various times. In 1994 or 1995, Box USA promoted John Settles, a Caucasian, to be the company's night-shift corrugation supervisor. In 1998, Settles became the day-shift corrugation supervisor, and Todd Doyle, Box USA's general manager and the decision-maker in hiring and promotions, convened an employee meeting to solicit interest in replacing Settles in the night-shift position. Two employees indicated interest, and Doyle promoted one of them, Bill Rice, an African–American, to the position. Later, when Settles departed the day-shift position, Dan Waldrop, a Caucasian, was hired from outside the company to replace him.

In the spring of 2001, Rob Chapman, Plaintiff's supervisor, informed him that the night-shift corrugation supervisor posi-

tion had again become open, and solicited his interest. Chapman told Plaintiff that an answer was needed by the next day. Plaintiff told Chapman that, because the Occupational Safety and Health Administration was then investigating an injury to Plaintiff's wife, also a Box USA employee, he doubted that it was a good time for him to take the job. That same evening, after consulting his attorney, Plaintiff called Chapman and stated that he wanted the job. Chapman told him he was the best person for the job. A few days later, however, Chapman told Plaintiff that another person, Sam Perkins, a Caucasian, had been hired.

Plaintiff filed this action in Jefferson Circuit Court in May 2001, stating racial discrimination claims under the Kentucky Civil Rights Act, K.R.S. §§ 344.010 *et seq.*[1] Defendant removed to this Court.

## II.

Because the Kentucky Civil Rights Act so closely resembles Title VII of the federal Civil Rights Act of 1964, to state a claim thereunder "a plaintiff must prove the same elements as required for a prima facie case of discrimination under Title VII." *Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1250 (6th Cir.1995). To establish by circumstantial evidence a prima facie case of intentional racial discrimination in promotion, a plaintiff must show "(1) he is a member of a protected class; (2) he applied and was qualified for a promotion; (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions." *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1020–21 (6th Cir.2000) (citations omitted).[2] If the plaintiff estab-

---

1. Plaintiff's wife, Carolyn Johnson, filed separate claims in the same action, but subsequently reached a settlement with Box USA. Only Stanley Johnson's claims remain.

2. Alternatively, a plaintiff may state a prima facie case by presenting *direct* evidence of discrimination. *See Talley*, 61 F.3d at 1246. Here, Plaintiff offers as direct evidence only two minor, isolated incidences of comments

lishes a prima facie case, the defendant may rebut the presumption of discrimination by "proffering a legitimate, nondiscriminatory reason for its decision. The plaintiff then bears the burden of showing that the defendant's proffered reason is pretextual." *Id.* at 1021 (citations omitted).

At the outset, it is clear that Plaintiff does not state a claim as to the promotion of John Settles. Plaintiff estimates that Settles' promotion occurred in or around 1994, well outside the five-year limitations period on actions under the Kentucky Civil Rights Act. *See Clifton v. Midway College,* 702 S.W.2d 835, 837 (Ky. 1985). Plaintiff concedes his inability to recover, but suggests the Court regard Settles' promotion as evidence of an ongoing pattern of discrimination.

In the Sixth Circuit, there are two theories of "continuing violations." Under one theory, "continuing violations arise where there is some evidence of *present* discriminatory activity giving rise to a claim of a continuing violation; that is, where an employer continues presently to impose disparate work assignments or pay rates between similarly situated groups." Under the other theory, "continuing violations arise where there has occurred a longstanding and demonstrable policy of discrimination. . . . Unrelated incidents of discrimination will not suffice to invoke this exception; rather there must be a continuing over-arching policy of discrimination." *Haithcock v. Frank,* 958 F.2d 671, 678 (6th Cir.1992) (internal quotations,

citations omitted). Plaintiff has offered no evidence to establish either type of discrimination. Accordingly, the Court will not consider Settles' promotion as evidence of discrimination.

The Court will now consider whether Plaintiff states a prima facie case as to the other promotions.[3]

### A.

Defendant argues first the absence of a prima facie case as to Plaintiff's rejection in favor of Bill Rice. Because it is a threshold requirement that Plaintiff must have been passed over in favor of someone outside Plaintiff's protected class—in this case, African–American—Rice's promotion cannot be the basis of a discrimination claim. *Cf. Brewer v. General Drivers, Warehouseman & Helpers Local Union 89,* 190 F.Supp.2d 966, 973–74 (W.D.Ky. 2002) (dismissing Kentucky Civil Rights Act discrimination claim by woman replaced in her position by another woman). Plaintiff argues that Rice was completely unqualified for the job, and that Defendant set him up to fail as an example for all African–American employees. The Court is unaware of any precedent suggesting that a failure to discriminate may be a pretext for discrimination. In any event, Plaintiff has offered nothing beyond his own subjective opinion to indicate that Rice was unqualified. *See Johnson v. United States Dep't of Health & Human Servs.,* 30 F.3d 45, 47–48 (6th Cir.1994) (affirming summary judgment where

---

by a supervisor—detailed in Part IV, *infra*—which arguably have a racial basis and might make a reasonable person in Plaintiff's position feel uncomfortable. However, these comments were made after all the promotions challenged here—indeed, they were made by Perkins, the last person promoted—and thus they do not show racial animus to have existed and affected Box USA management's hir-

ing practices at the time it made these promotions.

3. In its motion for summary judgment, Defendant mentions, and defends, two other promotions which Plaintiff's counsel allegedly brought up in mediation. Because Plaintiff does not mention these promotions in his deposition or any papers filed with this Court, the Court will not consider them.

plaintiff "failed to submit any evidence besides her own subjective testimony that she was more qualified for the job than the selectee.")

### B.

■ Next, Defendant argues the absence of a prima facie case as to its hiring of Dan Waldrop as the day-shift corrugation supervisor. It appears from the record that Defendant did not publicly announce the available promotion. Under *Dews,* "in failure to promote cases a plaintiff does not have to establish that he applied for and was considered for the promotion when the employer does not notify its employees of the available promotion or does not provide a formal mechanism for expressing interest in the promotion." *Id.* at 1022. Thus, the Court may relieve Plaintiff of this burden.

■ Assuming that Plaintiff was qualified, to state a prima facie case he still must prove that Waldrop was a candidate of similar qualifications. It appears from the record that Waldrop was objectively better qualified for the position than Plaintiff. Before his employment with Box USA, Waldrop had nine years of experience as a corrugation supervisor for a competitor company, as well as experience supervising that company's shipping department. Plaintiff argues that his twenty-four years of experience working as a corrugator operator for Box USA and its predecessor make him a better candidate for the job. Such subjective belief, however, "is in essence a mere disagreement with the corporation's business judgment, and does not create an issue of fact." *Grauer v. Federal Express Corp.,* 894 F.Supp. 330, 334 (W.D.Tenn.1994), *aff'd,* 73 F.3d 361 (6th Cir.1996). The Court is not persuaded that Plaintiff's qualifications to supervise the corrugation department were superior to, or even equal to, Waldrop's.

Therefore, Plaintiff fails to state a valid claim for failure to promote as to this job.

### C.

Plaintiff also contends that Box USA discriminated against him on the basis of race by hiring Sam Perkins as night-shift corrugation supervisor in 2001. Specifically, Plaintiff alleges that his supervisor, Rob Chapman, offered him the job, which Plaintiff first declined but later accepted, and that after Plaintiff communicated his acceptance Box USA hired Perkins anyway. It is evident that Plaintiff applied and was considered for the position. Thus, assuming that Plaintiff is qualified, the Court reaches the same question as above: was Perkins a candidate of similar qualifications?

The Court concludes that Perkins, like Waldrop, was objectively better qualified than Plaintiff. Before being hired by Box USA, Perkins had more than twenty-five years of experience as a corrugation supervisor for a competitor company. Thus, even taking into account Plaintiff's qualification of long years of experience, Perkins' qualification was better.

A job offer and subsequent rescission of the offer might create a cause of action in contract law. However, absent direct evidence of racial discrimination or circumstantial evidence sufficient to support a prima facie case, Plaintiff's civil rights claim must fail.

### D.

The issue in both the Perkins and Waldrop jobs appears the same. That is, absent direct evidence of discrimination, may an employer offer a supervisory position to an applicant with more years of experience without being liable for discrimination to an applicant with good qualifications but no supervisory experience? The Court concludes that the answer must be that an

employer may make such an offer without an inference of discrimination.

With both the Waldrop and Perkins offers, Plaintiff and the job recipient had adequate knowledge of the job. However, the key job requirement was the ability to supervise others. In both instances, the person receiving the job had extensive supervisory experience within the relevant job category. Plaintiff had no supervisory experience. To be sure, Defendant could have offered the job opportunity to Plaintiff, as he appears qualified. However, to offer the positions instead to those with much more supervisory experience simply does not support a prima facie case, nor does it imply discrimination.

Courts considering this question have reached the same logical conclusion. In *Grauer*, the district court granted, and the Sixth Circuit affirmed, summary judgment due to the absence of a prima facie case, where the plaintiff possessed two years of management experience and the job recipient possessed eight years' experience.[4] In *Hale v. Cuyahoga Co. Welfare Dep't*, 891 F.2d 604 (6th Cir.1989), the Sixth Circuit reached a similar result by a different analysis. Both applicants were qualified, but the recipient had served as a supervisor at a higher level. The Court reversed the denial of summary judgment, finding that the recipient's "extensive supervisory experience" was a legitimate business reason for hiring, which the plaintiff could not rebut. *Id.* at 606–07.

These cases stand for an undeniable proposition: for a supervisory position, an employer may hire an applicant with greater supervisory experience without facing a discrimination claim from a well-qualified plaintiff with much less supervisory experience.

4. These specific facts appear in the Sixth Circuit's unpublished opinion in affirmance. *See*

## III.

 Finally, the Court considers Plaintiff's hostile work environment claim. In order to state such a claim, Plaintiff must show that "(1) he belongs to a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition, or privilege of employment and (5) defendant knew or should have known about the harassment and failed to take action." *Moore v. KUKA Welding Sys.*, 171 F.3d 1073, 1078–79 (6th Cir.1999). To affect a term, condition or privilege of employment, harassment must be "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create[ ] an abusive working environment." *Id.* at 1079. "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (internal quotation marks, citation omitted).

 Plaintiff alleges only two incidences in support of this claim. First, he alleges that, on one occasion, Perkins referred to him, derogatorily, as "boy." Second, Perkins, repeating a joke told by an African–American co-worker, said the words "ghetto Kool Aid" in Plaintiff's presence. Even if true, these allegations demonstrate conduct neither severe nor pervasive enough to constitute actionable harassment. Further, Plaintiff admits he did not report the incidences to his supervisor, as required by Defendant's anti-harassment policy, and has not shown that Defendant knew or should have known about the offensive comments.

*Grauer v. Federal Express Corp.*, 1996 WL 5558, at *1, 73 F.3d 361 (6th Cir.1996).

The Court will enter an Order consistent with this Memorandum Opinion.

## ORDER

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Defendant has moved for summary judgment on Plaintiff's claims of racial discrimination in promotion and hostile work environment. The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final and appealable order.